IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| MAMIE MILLER, | : |
| | : |
|     Plaintiff, | : |
| | : |
| vs. | :   Civil Action No. |
| | :   **7:04-CV-49** (RLH) |
| JO ANNE B. BARNHART, | : |
| Commissioner of Social Security, | : |
| | : |
|     Defendant. | : |

_____

**ORDER**

The plaintiff herein filed an application for disability insurance benefits and Supplemental Security Income in November of 2001. The applications were denied initially and upon reconsideration, and the plaintiff then requested a hearing before an Administrative Law Judge (ALJ), which was held on January 22, 2004. In a decision dated March 3, 2004, the ALJ denied plaintiff's claims. The Appeals Council affirmed the ALJ's decision, making it the final decision of the Commissioner. The plaintiff subsequently filed an appeal to this court. Jurisdiction arises under 42 U.S.C. § 405(g). All administrative remedies have been exhausted. Both parties have consented to the United States Magistrate Judge conducting any and all proceedings herein, including but not limited to the ordering of the entry of judgment. The parties may appeal from this judgment, as permitted by law, directly to the Eleventh Circuit Court of Appeals. 28 U.S.C. § 636(c)(3).

DISCUSSION

In reviewing the final decision of the Commissioner, this court must evaluate both whether the Commissioner's decision is supported by substantial evidence and whether the Commissioner applied the correct legal standards to the evidence. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's factual findings are deemed conclusive if supported by substantial evidence, defined as more than a scintilla, such that a reasonable person would accept the evidence as adequate to support the conclusion at issue. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Richardson v. Perales, 402 U.S. 389, 401 (1971). In reviewing the ALJ's decision for support by substantial evidence, this court may not re-weigh the evidence or substitute its judgment for that of the Commissioner. "Even if we find that the evidence preponderates against the [Commissioner's] decision, we must affirm if the decision is supported by substantial evidence." Bloodsworth, 703 F.2d at 1239. "In contrast, the [Commissioners'] conclusions of law are not presumed valid....The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." Cornelius, 936 F.2d at 1145-1146.

20 C.F.R. § 404.1520 (1985) provides for a sequential evaluation process to determine whether a claimant is entitled to Social Security disability benefits. The Secretary employs the following step-by-step analysis in evaluating a claimant's disability claims: (1) whether the claimant is engaged in gainful employment; (2) whether claimant suffers from a severe impairment which has lasted or can be expected to last for a continuous period of at least twelve months; (3) whether claimant suffers from any of the impairments set forth in the listings of impairments provided in Appendix 1; (4) whether the impairments prevent claimant from returning to his previous work; and (5) whether claimant is disabled in light of age, education,

and residual functional capacity. Ambers v. Heckler, 736 F.2d 1467, 1470-71 (11th Cir.1984). Should a person be determined disabled or not disabled at any stage of the above analysis, further inquiry pursuant to the analysis ceases. Accordingly, if a claimant's condition meets an impairment set forth in the listings, the claimant is adjudged disabled without considering age, education, and work experience. 20 C.F.R. § 404.1520(d).

The ALJ concluded that plaintiff had "severe" impairments of schizophrenia and depression, but that she retained the residual functional capacity to perform her past relevant work as a house cleaner and dishwasher.

*Listing*

Plaintiff contends that her impairments meet a listing. For a claimant to establish that his impairment meets a listing, it must meet all of the specified medical criteria; if the impairment satisfies only some of the criteria, no matter how severely, it does not qualify. Sullivan v. Zebley, 493 U.S. 521, 530 (1990).

The evidentiary standards for presumptive disability are stricter under the listings than in the sequential evaluation because the listings provide an automatic screening based upon medical findings rather than an individual judgment based upon all relevant factors. Zebley, *supra* at 532.

Plaintiff does not specify how her impairments met any listing. The ALJ considered plaintiff's impairments, but determined that plaintiff did not meet any of the listings for mental impairment. Plaintiff has not countered that conclusion, nor has she pointed to any evidence in the record that supports her assertion that she meets a listing. This does not provide any basis for reversal.

*Credibility*

Plaintiff asserts that the ALJ improperly discounted her testimony that she is disabled. <u>Holt v. Sullivan</u>, 921 F.2d 1221, 1223 (11th Cir.1991), requires that an ALJ apply a three part standard when a claimant attempts to establish disability through his or her own testimony of pain or other subjective symptoms.

> The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. A claimant may establish that her pain is disabling through objective medical evidence that an underlying medical condition exists that could reasonably be expected to produce the pain.

20 C.F.R. S 404.1529 provides that once such an impairment is established, all evidence about the intensity, persistence, and functionally limiting effects of pain or other symptoms must be considered in addition to the medical signs and laboratory findings in deciding the issue of disability. <u>Foote v. Chater</u>, 67 F.3d 1553,1560-1561 (11th Cir. 1995).

A claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability. <u>Holt v. Sullivan</u>, supra at page 1223; <u>Hale v. Bowen</u>, 831 F.2d 1007, 1011 (11th Cir.1987). Where the claimant's testimony is critical, the fact finder must articulate specific reasons for questioning a claimant's credibility. "[D]isregard of such complaints without articulating the reason is inappropriate because it deprives the reviewing court of the ability to determine the validity of that action. When rejecting the credibility of a claimant's testimony, an ALJ must articulate the grounds for that decision." <u>Caulder v. Bowen</u>, 791 F.2d 872, 880 (11th Cir.1986).

As noted below, plaintiff's medical records show that her impairments are controlled by

medication, and that the hospitalization in January of 2001 resulted at least in part because plaintiff had become non-compliant with her medication for several months. (Tr. 117-126).  The ALJ also noted inconsistencies between plaintiff's admitted activities and her allegations of a complete inability to perform work.

The ALJ did take some of her complaints at face value, and accordingly found that plaintiff is limited in her ability to respond appropriately to supervision, co-workers, and the public, and is better able to do a routine and repetitive job where she is able to work independently.  (Tr. 15). As noted by the ALJ and a vocational expert at the hearing, plaintiff's former work as a house cleaner and a dishwasher were unskilled jobs that were routine and repetitive and would allow plaintiff to work independently and not require her to interact with the public or co-workers on a regular basis. (Tr. 15-16, 46-47, 203-206, 220-223).

*Treating Physician*

Plaintiff asserts that the ALJ improperly discounted the opinion of her treating physician by only picking the "good" reports and ignoring those that showed plaintiff was not doing as well, and that the ALJ misquoted a consulting physician.

The Court of Appeals has held that good cause must be shown if the opinion of the treating physician is discounted; a non-examining physician's opinion is entitled to little weight if it is contrary to the opinion of the claimant's treating physician.  See  Broughton v. Heckler, 776 F.2d 960 (11th Cir.1985).  "The Secretary must specify what weight is given to a treating physician's opinion and any reason for giving it no weight, and failure to do so is reversible error." MacGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir.1986).  Where the medical evidence does not conclusively counter the treating physician's opinion, and no other good cause is presented,

5

the treating physician's opinion cannot be discounted. Scnorr v. Bowen, 816 F.2d 578, 581 (11th Cir. 1987). Moreover, the ALJ cannot substitute his opinion for that of a medical expert. Freeman v. Schweiker, 681 F.2d 727, 731 (11th Cir. 1982).

Plaintiff has been treated by Dr. Patel at Behavioral Health Services for some time for her schizophrenia and depression. Plaintiff was hospitalized on January 20, 2001 with delusional beliefs and hallucinations; plaintiff had stopped taking her medications some four or five months previous to this hospitalization. (Tr. 117, 120-124, 126). Plaintiff was treated by Dr. Patel with medication for her schizophrenia, and discharged on January 24, 2001. (Tr. 117-119). Dr. Patel concluded that plaintiff had a psychotic disorder, not otherwise specified, and a Global Assessment of Functioning (GAF) score of 70, indicating that plaintiff had some mild symptoms or some difficulty in social, occupational, or school functioning, but was generally functioning pretty well. See American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders, 33-34.

Plaintiff continued follow up with Dr. Patel after her discharge. Plaintiff returned to work until November 4, 2001, her alleged onset date. (Tr. 160-164). Dr. Patel's treatment notes show that plaintiff's medications were modified both for her depression and her schizophrenia over a period of time. (Tr. 160-76). Dr. Patel noted that plaintiff occasionally complained of depression, but also that plaintiff reported feeling better after medication modifications. Importantly, Dr. Patel's notes do not indicate that plaintiff had any disabling limitations that could be expected to last for a 12 month period of time, and no limitations were noted in plaintiff's ability to perform any work.

Plaintiff points to the quote by the ALJ of Dr. Pye, a consulting examiner, that plaintiff

appeared to be "able to adequately manage a full time job when she takes her medications a prescribed." (Tr. 131), as incorrect. However, a review of the records indicated by plaintiff do not show any misquote. Dr. Pye noted that plaintiff's most recent records from Behavioral Health Services, where Dr. Patel worked, should be reviewed to determine any disability. Dr. Pye went on to say that plaintiff appeared to be able to manage a full-time job. A review of Dr. Patel's records does not reveal any contradiction of Dr. Pye. Plaintiff's depression appeared to be on a "roller coaster" for a period of time, but Dr. Patel continued to adjust or change plaintiff's medications; plaintiff did not exhibit any psychotic episodes after her hospitalizations, and the medication adjustments were largely made to minimize side effects.

Inasmuch as the Commissioner's final decision in this matter is supported by substantial evidence, it is the ORDER of the undersigned that the Commissioner's decision be **AFFIRMED** pursuant to Sentence Four of § 405 (g).

**SO ORDERED**, this 21st day of September, 2005.

//S Richard L. Hodge
RICHARD L. HODGE
msd                                              UNITED STATES MAGISTRATE JUDGE